**IN THE COURT OF APPEALS OF IOWA**

No. 17-0576
Filed June 21, 2017

**IN THE INTEREST OF K.P.,**
**Minor Child,**

**K.S., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor,

Judge.

A mother appeals the juvenile court order terminating her parental rights.

**AFFIRMED.**

Randall L. McNaughton, Davenport, for appellant.

Thomas J. Miller, Attorney General, Ana Dixit, Assistant Attorney General,

for appellee State.

Jean Capdevila, Davenport, guardian ad litem for minor child.

Considered by Danilson, C.J., and Potterfield and Bower, JJ. Tabor, J.,

takes no part.

**BOWER, Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find there is sufficient evidence in the record to support termination of the mother's parental rights. We also find termination of her rights is in the child's best interests. We affirm the decision of the juvenile court.

## I.     Background Facts & Proceedings

K.S., mother, and R.P., father, are the parents of K.P., born in 2016. The parents have a history of substance abuse. Their parental rights to three older children were previously terminated. K.P. tested positive for methadone, opiates, and codeine when she was born. She suffered withdrawal symptoms, which required medical care after her birth. The child was removed from the mother's care on July 8, 2016, when the mother tested positive for heroin despite being in methadone treatment, and was placed in foster care.[1]

The child was adjudicated to be in need of assistance (CINA), under Iowa Code section 232.2(6)(c)(2), (g), (n), and (o) (2016). The court noted the mother tested positive for codeine and morphine in July and August. In the dispositional order, filed on September 26, 2016, the juvenile court granted the State's motion to waive reasonable efforts, pursuant to section 232.102(12). The court found the parents had not been cooperative with drug testing or substance abuse treatment.

The mother had a substance abuse evaluation in September and intensive outpatient treatment was recommended. The mother did not attend treatment or appear for a random drug test. She also had mental health concerns but was

---

[1]   One of K.P.'s siblings is in the same foster home.

sporadic in attending therapy. The mother continued to participate in methadone treatment. After a permanency hearing, the juvenile court denied the parents' requests for more time to address their problems.

On December 27, 2016, the State filed a petition to terminate the parents' rights. After a hearing, the juvenile court terminated the mother's parental rights under section 232.116(1)(d), (e), (g), (h), (i), and (*l*).[2] The court determined termination of the mother's parental rights was in the child's best interests. The mother now appeals.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Sufficiency of the Evidence

The mother claims there is not sufficient evidence in the record to support termination of her parental rights. Where the juvenile court has terminated a parent's rights on multiple grounds, "we need only find termination appropriate under one of these sections to affirm." *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014).

---

[2] The father's parental rights were also terminated. He has not appealed.

We find the juvenile court properly terminated the mother's parental rights under section 232.116(1)(g). This section provides for termination of parental rights where:

> The court finds that all of the following have occurred:
> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family or a court of competent jurisdiction in another state has entered an order involuntarily terminating parental rights with respect to another child who is a member of the same family.
> (3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.
> (4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.

Iowa Code § 232.116(1)(g).

There was a CINA adjudication for the child on August 26, 2016. The mother's parental rights to three older children were previously terminated due to her use of illegal drugs. The mother received services during the prior juvenile court proceedings and during this case. The same concerns are still present, which supports a finding the mother lacks the ability or willingness to respond to services to overcome her substance abuse. Furthermore, based on the mother's long history of substance abuse, it is unlikely an additional period of rehabilitation would correct the situation within a reasonable period of time. "[I]n considering the impact of a drug addiction, we must consider the treatment history of the parent to gauge the likelihood the parent will be in a position to parent the child in the foreseeable future." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998). "Where the parent has been unable to rise above the addiction and experience

sustained sobriety in a noncustodial setting, and establish the essential support system to maintain sobriety, there is little hope of success in parenting." *Id.*

We find there is clear and convincing evidence in the record to support termination of the mother's parental rights under section 232.116(1)(g).

## IV.     Best Interests

The mother claims termination of her parental rights is not in the child's best interests.  She states the child could have been placed in a guardianship in the home of the maternal grandfather, where she is currently living.

"The legislature has categorically determined 'the needs of a child are promoted by termination of parental rights' if the grounds for termination of parental rights exist."  *In re L.M.F.*, 490 N.W.2d 66, 68 (Iowa Ct. App. 1992) (citation omitted).  Additionally, "[a]n appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child.  The child's best interests always remain the first consideration."  *In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997).

The child needs stability and a permanent home.  The mother is still in the very early stages of addressing her substance abuse problems.  We conclude it is in the child's best interests to terminate the mother's parental rights.

**AFFIRMED.**